May it please the Court, I'd like to reserve three minutes for the witness. This Court should vacate the judgment. Why was this case ever certified as a class action? It was certified as a class action... I mean, I know, I know the history, but it doesn't make any sense. Well, the magistrate found that... The magistrate of arguable authority did. Just because district judges are lazy doesn't mean they should refer things to magistrate judges. Well, I think that's where I'd like to begin, if I may, with the jurisdictional question. This Court should vacate the judgment because the magistrate judge lacked jurisdiction under section 636c.1. Before a magistrate may exercise case dispositive jurisdiction, under that provision, all parties must first consent. That did not happen here because absent class members are parties, and they did not consent. Why was an unnamed member of a class a party? Upon certification, in our view, an unnamed member of a class is a party for two reasons, one statutory and one constitutional. I think both of those reasons flow from this Court's precedence. First, that reading of the statute is most consistent with this Court's decision in race and antitrust litigation involving a statute enacted in the 1970s, and around the same time, that used the same word, the word parties. And because absent class members are just as banned... Isn't the real question whether Congress ever contemplated magistrate judges handling a class action? I think that's right. I mean, we can talk about the language forever, but it seems to me that there's no... I know of no legislative history which says that... that indicates that a magistrate judge was opposed in their final judgments in class action. And I don't either, and I think that alone is dispositive under the Supreme Court's case in Gomez. The 11th Circuit recently in Brown adopted the same methodology. Basically, what Gomez stands for is that if, given the delicate constitutional concerns that were identified by this Court sitting on Fonk and Pacemaker, we're not going to construe the statute to give a magistrate judge particular authority unless it's clear from legislative history or the text of the statute or something else that Congress thought about it and intended for the statute to apply, notwithstanding the great constitutional concerns that it might raise. And there's nothing in the legislative history that would suggest that. Is it really a statutory question anyway, though? I mean, say, if we think that there's a constitutional problem, it doesn't really matter what the statute says, does it? Well, I think that this Court's general approach, and it's also the approach that the Supreme Court generally takes, is you first determine whether a statute in fact applies before then asking the second question, if the statute were to apply, it would be unconstitutional in even a narrow circumstance. So I think the best approach is to begin with the text of the statute. Now, that, of course, that analysis, I think, is informed by constitutional concerns under the constitutional doubt canon. I mean, if we didn't have the constitutional concerns, is there any reason to believe that this statute just on its own doesn't give this to magistrate judges? I'm not sure there would be. I think it's all about the Constitution, isn't it? Well, I think the Constitution certainly matters. And I think that unless the statute, to Judge Motz's point, is absolutely crystal clear, that magistrates were intended to be able to exercise case-dispositive jurisdiction, therefore bind party or absent class members even though they did not consent. Unless it's absolutely clear. What about an opinion of a magistrate judge having a res judicata or collateral self-defect? Well, I think in order for an opinion of a magistrate judge to actually bind parties, to have a res judicata or collateral self-defect, I think at a minimum what Section C.1 says is that the parties, all of them, who were bound by that judgment first have to consent. They did not do that here. And so I think, really, that the statutory analysis is important, and I think that it makes sense. There's also appellate review. There's also appellate review, right. And I think this Court's appellate jurisdiction turns on there being, having been a validly exercised judgment pursuant to 636 C.1. But I think that even if you didn't have the constitutional concerns, I still think we would win because that's exactly, that was really the situation this Court confronted in race and antitrust litigation. There was no constitutional question in that case. No party had raised it. It was just a straight-up statutory question of whether absent class members would be considered parties. Isn't the real issue in this case whether or not you can have more than one class action? I mean, that really is what it comes down to. There's no way that this survives as a class action where you get .008 or whatever it is. Well, I think that assumes that the class should be certified as a nationwide class, and I think that if the Helmuth case shows there are ways to do that. No, no, no. But in terms of the $35,000 limit, doesn't the case really turn on, with the 10% of that worth, I mean, whether or not you can bring more than one class action? Well, I think the case first turns on whether the magistrate judge actually had the authority to issue a final judgment. That's a nice question. So I think that's the first question this Court has to answer. It doesn't? So if we agree with you on the constitutional issue or the statutory issue, whichever we want to call it, how would you have consent work? I think that this is the way that it should work. Certainly as a statutory matter, I think the statute under C-2 and then the Federal Rule of Civil Procedure 73-D require that express written consent. In the event that those requirements are not complied with, then the question might become can a party or can absent class members consent to implied legal conduct? And that would raise, I think, a difficult question about whether notice would be sufficient. Of course, there is no notice given here, so no serious argument for absent class members or parties. Well, the only thing that makes the class work is a remedy that doesn't exist under the statute, which is the injunctive relief. I think that's certainly a question on the merits, but just as to the jurisdictional question, I think you first have to be sure that this Court has appellate jurisdiction and that in turn the magistrate had case-dispositive jurisdiction under C-1. So that's the first question. And I think just to get back to your question about consent, I do think there's an argument maybe that in a particular case, once it's been certified, and class counsel and the named plaintiffs would actually have the authority then to act on behalf of the class. If they provided adequate notice and they made class members aware of their right to an Article III judge and their right to withhold consent, and I think this was critical in the Supreme Court's decision in Rule v. Withrow, then that might be sufficient. I don't know. So the role equivalent in a class action would be notice that a magistrate judge is hearing this case and the lack of objection? I mean, do you think that's the class action equivalent of showing up? It might be. And there might also be ways to try and comply with Rule 73b. It could be that the class counsel, having been appointed as class counsel in a certified case, could then send out notice to the class and execute the written consent form on their behalf, and if no one objected, that could satisfy both due process and the statute and thereby confer a jurisdiction that would be sufficient in the Supreme Court. If we adopted that rule, though, would it be the case that any absent class member would essentially have a veto? And if so, does that really mean that magistrate judges just can't hear class actions? It might. And this actually brings me to the second point that I wanted to make this morning, which is a point this Court made 35 or 40 years ago in the Pacemaker decision. And our reading of the statute really avoids the grave constitutional concern that this Court flagged in that case. And I'm going to quote from Pacemaker, if I may, from 725 F. 3rd, 545. It states, At a minimum, this Court held, cases where rights of numerous parties not present before the Court might be affected by the decision are among those cases in which determination by an Article III judge is required. So that may, in fact, be a consequence. But that is dictum. You agree that's dictum? I think it's you can say it's dictum. It's considered dictum but it's dictum. It's dictum by the en banc Court in an opinion written by then Judge Anthony Kennedy. So I think it's something to be taken seriously. It might not have been necessary to the holding there, which was upholding the statute against a facial attack. But I think it's pretty strong. At a minimum, I think it satisfies the requirement that there be a substantial constitutional... Well, if you're right, why do three circuits disagree with you? I think, well, I think that those circuits made three sort of principal mistakes. The first mistake is that they just gave, they found that the bare use, and only one of those courts actually undertook a textual analysis of that today. They found that the bare use of the word parties signaled Congress's clear intent to exclude absentees, and that cannot be reconciled with this Court's decision in in re-submitting antitrust litigation, nor can it be reconciled, in my view, with the Supreme Court's decision in Devlin v. Scarlatti. And I think really what matters is that absent class members and named parties are identically situated with respect to the judicial power being exercised over them, and that is the power to bind them to a final judgment. And so I think it really wouldn't make much sense for Congress to have distinguished between the two. And then I think also those decisions, and this is the second point, failed to really take seriously the constitutional concern identified by this Court for cases. They thought that the personal right to an Article III judge could be satisfied through a combination of intervention and the possibility of opting out in a collateral attack. Now, of course, none of those avenues were available here because there was no notice, and this was not an opt-out class. And so it wouldn't be sufficient in this case, even if it might be in the ordinary case. But I think if you want to know, if you want to see an example of why those avenues are not sufficient to vindicate the right, you could look at Dewey, which is the Third Circuit case. In that case, on remand, an absentee moved to intervene, quote, so that he could object to the magistrate's jurisdiction. And the magistrate denied the intervention motion, and the Third Circuit upheld that denial. And so I really don't think that intervention is a way to vindicate the constitutional right. And then finally, and this is something I should have addressed a little bit earlier, I think those courts really drastically overstated the practical concerns. And the on-the-ground impact of our rule would be minimal, because the number of class actions in which magistrate judges even purport to exercise case-dispositive jurisdiction is extremely small. One study, cited at page 19 of NACA's brief, shows that of the approximately 350 class-action settlements approved each year, magistrate judges purport to exercise consent jurisdiction in only 4 percent. So we're talking a dozen or so cases. Of the more than 15,000 civil cases that magistrates dispose of annually. So that's less than 10 percent. It really is not going to have a great effect on the ground. And that's why Judge Crow, who is himself a magistrate judge, and who served for five years as chair of the Magistrate Judge Administrative Committee, he said that the practical effect would be minimal. And I think that it's important to keep in mind— That right doesn't make any difference, does it? I think it shows that he thought about these issues, and he wasn't moved by the practical effect. No, no, no. He's a thoughtful person. But I mean, if the practical effect was substantial, it really wouldn't matter to the constitutional argument. I think that's right. And it might matter in the sense that if this Court were to adopt a statutory holding, that Congress could fix it. And then if it's signaled with clear intent to have the statute apply in these circumstances, then I think the Court would be confronted with the constitutional question that is left open after the case is made. You raise an intriguing question for where it's left. Do we have to reach this issue? I think you do. And I think that the case that I would look to is Allen v. Mayer. It's a F—excuse me—755 F. 3rd 866. That is a 2014 decision of this Court that came down shortly after we filed our opening brief. And the Court said, Where as here a magistrate judge enters judgment on behalf of the district court, our jurisdiction on appeal depends on the magistrate judge's lawful exercise of jurisdiction. So I think you have to first confront that question. And then that raises the question of when. If the Court finds that it lacks appellate jurisdiction, then in the ordinary course what you do is dismiss the appeal. But that's not what you do. We would have to vacate the judgment below. And that's exactly what this Court did two years ago in Allen v. Mayer. And that's exactly what we think this Court should do now. Would you like to reserve the remaining time? I may. Thank you. Thank you. I don't want to be argumentative, but there's something about this case which just strikes me as wrong. You are asking us to affirm a judgment where arguably the person who issued the opinion, finding fairness and reasonableness, didn't have authority to do it. Secondly, what makes the class action work is a remedy which doesn't exist under the statute. Thirdly, there's been no notice. Fourth, there has been no discussion of what I consider to be the critical issue of whether or not it's consistent with congressional intent to have four of many subclasses. Fifth, you use Cypre as a remedy, which is generally disfavored in class actions. Sixth, you're having a California Charity, worthy though it may be, is not directly related to, is a recipient of the Cypre Award. And sixth, the Attorney's Fee Award, you know, the Manchester judge didn't even have any information before her as to what the lodestar fee should be. I just, there's something about this that just strikes me as wrong. Well, good morning, Your Honors. Happy New Year. My name is Sean Flynn on behalf of ARS. May it please the Court. I think that's the first time I've got a question before I even said a word. But thank you for your questions, Your Honor, and I appreciate them very much. Truly, I do. I think there is a procedural housekeeping issue here that we need to address. And quite frankly, and I'll do candor to the Court, I came into this case maybe about five weeks ago, and I just realized this issue last night, probably sometime around 9 or 10 o'clock. As Appellant's Counsel discussed, and as is discussed in the NACA brief, there is a facial constitutional challenge being asserted by both parties to Section 636. So under Rule 44 of the Federal Rules of Procedure, the party asserting that challenge has to notify the clerk immediately upon filing or as soon as the issue becomes relevant in the case. That never happened. Therefore, the clerk never notified the Attorney General's Office. Therefore, the Attorney General's Office is not on notice and is not being given an opportunity to weigh in on this constitutional challenge to the statute. So I'm not sure I agree that that's exactly what's going on. I mean, that is one interpretation of what's going on, but what if we think the statute doesn't actually define absent class members as parties? Maybe the statute is fine, but this kind of case seems to have happened anyway and is a constitutional problem. I'm not sure it necessarily is a challenge to the statute. Do you see what I'm asking? I do, and respectfully, Justice Freeland, I disagree. Page 27 of the NACA brief clearly sets forth that they're challenging the facial constitutionality of 636. But so say we strike that part of the brief because they didn't give the notice. Now can we proceed? I guess that's my question. Well, I've never actually had to address this issue at research, so I don't know if that would cure the problem or not, but perhaps it would. I mean, I know they frame it that way, but I guess it didn't quite make sense to me because it seems like the statute isn't exactly the problem. It's not they have to kind of turn somersaults, in my view, to get the statute to be the problem. It seems like the constitutional question is the problem. Well, I think the statute is the problem because just like in the in-race cementing to trust case, there was a section 455 issue regarding a conflict of interest that was raised after certification, so after the absent class members became parties. And at that point, that triggered 455, and there was no alternative. If there's a conflict, you have to recuse yourself. And the way that that situation, which was created by that particular case, was cured was by Congress redrafting the statute. So to the extent there's a problem with a magistrate judge in this case exerting control and final opinion. Well, I mean, maybe there's a due process thing behind that case. So there's the recusal statute, right, and you've got to get recusal to work, and it seems pretty intuitive that whether the money is coming from an absent class member, a named class member, or the judge has a problem. I mean, that case makes a lot of sense, but in its own terms, and there was a statute in the background, and I guess there's a constitutional issue in the background potentially too, but here their real focus is on what they assert is a constitutional problem. Now, I guess they'd like us to read the statute to avoid the constitutional problem, but I'm not sure the statute is really the heart of the issue. The question is the constitutional problem. Well, I understand your question would be directed more at the definition of who is and who is not a party under the statute and the constitutionality. Well, I guess I'm saying who cares if they're a party or not is really what I'm saying. So whether they're a party or not under the statute, do they have some kind of right, whether we call them a party or not, that causes there to be a constitutional problem here? That's how I see this case, not really whether we call them a party or not under the statute. In that case, I would say no, there's no constitutional problem, and the reason why is under what I like to call the trinity of cases that started with Williams and then went to Dewey and Debt, there are three options for that unnamed class party once they become a party to address this constitutional issue that you're talking about, and the one in this situation that would apply would be the collateral attack. How would the class member ever know that they need to do that? Well, in this particular case with this objector, she would be able to raise that issue in her case in Florida that she wasn't given notice and so to collaterally attack the opinion in the San Diego case. It's the exact same factual scenario. The collateral attack would be in the form of asserting that she's not bound by this. That there's no race judicata effect on her. That's the exact same pattern as Heck vs. East. No notice, non-monetary, class action, award, and consumer protection in that case. Suppose somebody brings an individual action for $1,000. Are you going to raise the $35,000 so I pay payment as a defense? An individual action? It's an individual action. They're asserting the $1,000, which would take from above 10% of your net worth. Would you raise the $35,000 as a defense? No, because that's, I think, part of Mr. Stern's argument. Because it's only class action. It's not asserted as a class action. Statutory damage and actual damages were reserved, which is why this doesn't present a constitutional problem. And that limitation only applies in class actions? The 10% limitation only applies in class actions? That's right, Your Honor. What about in Helmuth's class action when she raises her collateral attack? Then are you going to say, well, we already paid the total we can pay? Yes, and that's when the collateral attack issue would be front and center. So not only is she not bound, but you'd say that the monetary amount is not binding either? I think she is bound, and I think the monetary amount is also binding as well. The statute says you're entitled to a class action, and the damages are the lesser of $500,000 or 1% of your net worth. And 1% of the net worth is $35,000. In this case, that amount is being paid. The statutory claim under a class action proceeding is being adjudicated. And so I would say in Helmuth that she's bound by that class action aspect. For the individual action, absolutely not. She can proceed individually and pursue her $1,000 and any actual damages that she can prove. Plus, and this gets back to what was said during the fairness hearing by Ms. Helmuth's trial counsel, which was this case is all about money. That's all it is. All about money. And really, who gets it? Is it Ms. Helmuth's counsel or is it Mr. Stern? That's all that this case is about. That's all that it boils down to. But no one talked about the fact that even in the individual action for Ms. Helmuth, just on her individual statutory and actual damage claims, if there's an establishment of any liability, Ms. Helmuth's counsel is also entitled to their fees and costs. So they're fighting over money, but they're both entitled to ask for it. So the case is all about money, but I really don't understand why they're fighting over it like this. I think that the constitutionality of 636 not only was well-reasoned in the pacemaker case, but, as I pointed out, and I'm sorry it was a last-minute filing yesterday, was reaffirmed by the wellness Supreme Court case from earlier this summer, where Justice Sotomayor, not only going through a very detailed discussion of why the magistrate system is so important to the judiciary, but also talked about, very broadly, that the United States Supreme Court has never held that under a 636c reference, that when there's a voluntary consent to waive an Article III judge, that it is unconstitutional or unenforced. But that's when there's voluntary consent, right? So we've got the question now of what that means in a class action. Who has to consent? Which goes back to the Day opinion, I think, is probably the best case that talks about the statutory construction and the definition of who is a party under that statute. But Day had three reasons that it felt like this would work, and here at least two of them don't apply, right? Well, I think the reasons... I mean, Day has this tension, right? Because it says there isn't a concern, but then it sort of says there is a concern because we have these three reasons that make us feel better about this situation. And so if those three reasons are necessary to make it not a constitutional problem, we don't have all of them here. But I think those issues are taken care of by who fits the definition of a party. And the majority opinion, I believe, got it correct, not surprisingly, that an absent class member is not a party in the action until after the certification. Hasn't the Supreme Court said that sometimes they're parties and sometimes they're not? They do, but in this particular scenario, they would not be a party because in the Day dissent, and I think it was the Stern case is what Judge Prohss cited to, the U.S. Supreme Court said that an absent class member is not a party until after certification. And so if certification is denied, they're not bound by that. Shouldn't they be able to object? Shouldn't there be notice to them at least so that they can object to a magistrate judge handling the matter? Under a B-2 certification? No. But how can there be a B-2 certification here? I mean, the statute doesn't allow the remedy that's granted. Well, this kind of gets to the merits issues again, and it actually does touch on the case that I cited yesterday, Berry v. LexisNexis, where there was an FCRA case that, again, gave no right to an individual litigant seeking injunctive relief. Injunctive relief is only available if there is a government enforcement of the action. So that settlement was injunctive relief only, no monetary reward. But that court said that the injunctive relief was very substantial and the class was not giving up a statutory remedy in money that actually existed for them because they didn't have a good claim. Those factors are very different here, aren't they? Well, they may not have a good claim, they may have a good claim. No one really got all the way down that road, but there was a release of the statutory damage claims. And here, there isn't. Right, well, there was in that case, but the court only... Our system is better. The court there assured itself first that there really wasn't one in the first place because they didn't have a viable claim. But there wasn't an actual determination that there wasn't a viable claim. It said in a couple of places, if it turns out to be correct, then there may not be a viable claim. That's a lot of language that isn't definitive. Well, it also spent a lot of time talking about how the injunction was very substantial in helping the class, which we have many problems with that here. It doesn't seem like it's substantial. Not all the class members are benefited. Some of them probably don't have these loans anymore. Which is a problem under Walmart. I mean, you have a lot of problems with this injunction. We're doing it anyway. My time is up now. Would you like to cede your time? You can either answer or cede your time. I'll cede my time to the decision. Okay.  Sorry? You should be sitting in the middle. Somewhat. And may it please the Court, Philip Stern on behalf of the plaintiffs and class representatives, Michael Coby, Michael Simmons, and Jonathan Super. The commencement and prosecution of this class action served the FDCPA's overarching goal of compliance. More than two years of resistance by IRS resulted ultimately in them getting religion. So they finally came around and said, yep, we changed our practice. And they changed their practice in August of 2011. And then about a month later, Ms. Helmuth files her Florida Dell Computer claim. And we proceed with discovery in our case to try to determine class size. Did anybody ever try to MDL this? I'm just curious. Did anybody ever try to get MDL, multi-district litigation? There was not. I think there were three other later class action cases, two of which actually were transferred to the Southern District of California, and IRS settled those individually. This was the only case that did not settle individually. On a B3 class, the first thing to explore was whether this was a B3 class and whether we could certify it as a B3 class. There's no question that there are cases out there that allow for certification of a B3 class when there's no distribution, when a debt collector has a negative net worth. And the statute specifically says that you can certify a class regardless. It's a quote, without regard to a minimum individual recovery. But that would have involved noticing 4 million class members. And it's a practical matter that makes no sense. Well, that only is because you expanded the class so much. Why didn't you stick with a smaller class so that the amount of money available was more in line with the number of class members? Well, it was filed as a national class to begin with. We never expanded the class. That's how we started with. But we explored that issue in discovery. And I know it's referenced in the testimony, but the specific numbers weren't set forth. I have them here, but we went down to state area codes, and we could not get to a class small enough that we'd even be able to give a dollar to each class member. And do you agree that, what is your view of whether it's consistent with congressional intent to have something less than a national class to have, say, 50 state classes? I think you clearly can have that. The case law would completely agree with Mace v. Van Roo. We cited the Northern District of California incident with an attorney who was called into question as to whether it was an ethical problem of having filed the same, you know, just changing the class definition. The question that I'm not aware that there's any cases that come up with is, once we have this case, for example, where they've paid the full 1 percent, or if you had a smaller class and they pay the full 1 percent, in the next class action, can they raise the fact that they've paid the full 1 percent as a defense to how much they have to pay to the next class? I'm not aware there's any cases that address that issue, but it seems like there's some inherent unfairness that, for example, if we had a smaller class and we got done, and then Ms. Helmuth comes along and she certifies her class, and guess what? The 4,000 people in her class get nothing because they've already paid that. Why should one class get benefit over another class? And this was the problem we were dealing with is, how do I treat all the consumers in the United States who were subject to the same objectionable conduct in a fair way? And what we said was, well, as a practical matter, if we assume a dollar as a cost per sending notice, that's $4 million, that exceeded their net worth. It made no sense. But there was no way we weren't going to run afoul of what happened in the Heck case. That draws to me the question, why was the class ever certified? Well, here's the problem, is if we don't certify the class, then ARS walks away paying, at most, $3,000, $1,000 a seat to my clients and our fees, and we don't address the overarching issue of compliance with the statute. The class action mechanism. But by this time, there was a practical matter, by this time there was compliance. I'm sorry? As a practical matter, by this time there was compliance because ARS had changed its practice. Correct. And if we had proceeded initially as an individual case, it's unknown whether or not they would have changed their practice. It would have cost them $3,000 plus some attorney's fees. The question is, what does the injunction add that their in-house staff or their outside counsel, McGuire Woods or whoever, told them you better comply? So we get down to, what I'm saying is, so the analysis starts with, well, can we proceed as a B3, and we can't. That doesn't mean we have to certify a class, but then we look at B2. Well, this was a FODE claim. The FODE case itself was settled on the same terms. No class members lost any substantive rights. Nothing. There was nothing taken away from this class. There was no release, class release. So what you get is the class gives up nothing. They get some benefit, but the wrongdoer agrees to comply with the statute. Under the penalty of contempt, if it returns to its old practices. Now, that is a value. I'm aware of cases where the court initially, there was a case in the Eastern District, where the court initially, they settled a case on similar terms as this case. There was an injunction, and the debt collector, the claim was,  But you can settle a case on any basis that you want to, but you're getting a court to issue an order based upon a remedy that doesn't exist. Well, the remedy exists. I mean, this is a settlement, so they can agree. The question is whether this agreement is fair and reasonable under the circumstances, even if it's outside the scope of what we could have obtained had we sued. The same thing with the case that Mr. Flynn cited to the court in the Fourth Circuit. How do you get around the Walmart problem, that some of these people probably don't have these loans anymore? I think the way Judge Crawford addressed it, she said that the injunctive relief correlates directly to defendants' practice of making such calls. But if some of these people are never going to get calls again, it doesn't matter. It's true they're not going to get again, and I think you run into the same problem. The question is, does the injunction address the practice generally to consumers as a class? I agree that the injunction does not necessarily correlate to each and every class member. And doesn't that end the story? Assuming we have jurisdiction, doesn't that end the story under Walmart? Well, I don't think it's the same issue in that regard. And the facts here are such that, well, let me step back. I think when you look at B2, there's two components when you read the language of B2. It says the party opposing the class has acted or refused to act on grounds that apply generally to the class. There's no dispute that that exists here. And then it continues. So that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. And I think it comes down to that word respecting the class as a whole. Does the injunctive relief have to provide relief to each and every class member, or does it relate to the general conduct that the defendant has engaged in with respect to the class? And that's where we're addressing it. With respect to the conduct. It seems like that was true in Walmart, too, and that's not what the Supreme Court said. So, I mean, it seems like you're relying on the reasoning that our court had said before Walmart at the Supreme Court, not after. Do you agree that we have to reach the issue of whether the magistrate judge had authority? I mean, I don't. Logically, it would seem that's the case, but it's not a common sense. It doesn't. If we thought the decision was wrong and didn't have to reach the constitutional issue, wouldn't it be smarter not to reach the constitutional issue? Maybe put in a footnote that one is not sure that the other three circuits are right. I mean, certainly the approach is always to avoid the constitutional issue if there's a way to do it. No, but if this court is to have jurisdiction, the magistrate judge has to have jurisdiction. Well, I mean, but the other problem is that, I mean, whether the jurisdiction issue is constitutional or statutory, it's a separate issue. But obviously the court, first and foremost, always must determine its own jurisdiction. And so the court has to decide that issue. But I would. Okay, I understand. Okay. That's the problem. Didn't the Crawford decision from the Seventh Circuit suggest that there could be multiple class actions, each having the monetary amount that's allowed by the statute? I don't think Crawford addressed specifically whether you can get, in other words, if you had six suits, whether each suit they can recover the full 1 percent, so the debt collector is paying 6 percent. But by criticizing that case for having had two larger classes, isn't that what this court must have been assuming? It doesn't make sense otherwise. No, but I think what was different there was in Crawford, the Crawford class was going to subsume already certified classes. And so that the rights of the class attached and the class representatives then had the ability to intervene and object to the Crawford class action. But I think you're out of time. I'll stop asking questions. Let's hear from your opponent. And because we've gone so over, let's give you five minutes for rebuttal. Let me ask you one thing. Oh, I'm sorry. No, no, no. One thing about attorney's fees. Don't you have to put in evidence? I mean, I assume your attorney's fees were far in excess of what you were awarded. But doesn't the magistrate judge, assuming she had jurisdiction, shouldn't at least be remanded? You know, I can't explain why that didn't happen. I don't know why it didn't happen. Yes, I would represent that, yes, the fees were well in excess of that. I have no doubt about that. But we agreed to that as part of the negotiation of settling it once we had everything else resolved. But I understand that the judge made a determination based upon the record that she had before her. I certainly, if I had to do it again, I would have made sure that there was, you know, an evidential record specific as to the amount of fees. Thank you. I apologize. Judge Wofford, do you have any other questions before? No. Okay. Thank you. So then let's give you five minutes for rebuttal. Thank you. Just a few quick points in rebuttal. Number one, we are not pressing a facial constitutional challenge to Section 636. We think pacemaker is still good law. We also think pacemaker is still good law for the proposition that, quote, where rights of numerous parties not present before the court might be affected by the decision, determination by not all three judges required. Number two, as to your point about whether the court should reach the constitutional question before the statutory question, I think the best course would be for this court to issue a statutory holding. But I would be happy to have this court issue a constitutional holding. But bear in mind, however, that the constitutional analysis, I think, informs the statutory analysis. And I think this is the third point, that this is really analogous. Oh, excuse me. On the second point, I mean, I am not obviously as sensitive as I should be to circuit law, certainly not in my own second point. Does the court, even if it's a statutory issue, does the court have to determine that the magistrate judge, suppose the court determined that, as a statutory matter, the magistrate judge lacked authority. Would this court then have jurisdiction? I mean, does it really matter whether it's constitutional or statutory? No, it does. But I think that this court still has to issue a holding, and that holding either has to rest on statutory grounds or constitutional grounds. And you prefer statutory. Well, I think that just logically that's the way that the court should approach the question. But again, I would be happy with a constitutional holding in favor of my client. Third, I do think that this case is really analogous to the in-ring antitrust and non-mitigation case because that statute, the federal judicial refusal statute, really was intended to serve a very similar purpose to Section 636C, and that is ensuring the structural integrity and the independence of the decision-maker. And I think that Congress was very much concerned about that. And I think that reading the word parties to include absentees is the only way to avoid the constitutional concerns identified by this court in the past and to thereby vindicate Congress's concern about the constitutionality of the Act and the need to ensure consent. And what I'll also say about Congress's intent is it sounds to me like the option that the other side is proposing is a collateral attack that I think actually disserves the judicial efficiency aims of the statute because it would threaten the finality of judgments. And then on the merits, my friend said that this case is all about money. Well, if that's true, then under Wal-Mart, this had to be certified as an abuser of class, and under Schutz, just as a matter of due process, notice had to be given with the opportunity of doubt. I realize the statutory language could be better, but it was written by congressional staffers, presumably. How can you reconcile having less than a nationwide class, having subclasses, consistent with the congressional intent of seeking to limit recovering a class action to $500,000 or 10% of the defendant's net worth, whichever is less? Well, I think that's a question of policy, and I think that if you look at the Truth in Lending Act, for example, Congress used a slightly different language. It limited to the total liability in any class action or series of class actions, and Congress didn't use the same language. And so there are policy arguments on both sides, but I think that under the plain text of the statute, it's just limited to each particular class action. And I think under Crawford, it makes sense to best serve the interests of class members to have a more narrowly tailored class, and that's the better practice under Wal-Mart anyway, which disapproved of a small class action. But you don't have the Eleventh Circuit determined to have the Ninth Circuit. But I think that if you want really the most straightforward way of resolving the case on the merits, if you get that far, I think it's Rule 23E, which requires notice in any class settlement to bind the class members. Clearly, this settlement is intended to bind the class members and purports to bind the class members, and therefore the notice provision in Rule 23E kicks in. But, Judge Motch, to your point, I think that this Court doesn't have hypothetical jurisdiction to decide the merits. And so even though we feel really good about our merits arguments, we think that the better practice, the better course for this Court to take under Steelco is to decide the jurisdictional question and to vacate for lack of jurisdiction. Are there no further questions?
judges: Watford, Friedland, Motz